AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Pennsylvania

| | |
|---|---|
| AgSaver LLC | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | )   Civil Action No. |
| FMC Corporation | ) |
| | ) |
| *Defendant* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> FMC Corporation
> 1735 Market Street
> Philadelphia, PA 19103

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> John T. Donovan
> Rawle & Henderson
> 1 South Penn Square
> Philadelphia, PA 19107

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____02/01/2011_____          _____
                                    *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------x

AgSaver LLC,                               :      Index No.

                       Plaintiff,       :

                - against -       :

FMC Corporation,               :

                 Defendant.    :

-------------------------------------------------------------x

      Plaintiff/Relator AgSaver LLC ("AgSaver" or "Plaintiff"), by and through its counsel,

makes the following allegations against Defendant FMC Corporation ("FMC"):

## NATURE OF THE ACTION

    1.      This is a *qui tam* action under the false patent marking provisions set forth in

§292 of the Patent Act, as amended.

## PARTIES

    2.      Plaintiff AgSaver is a limited liability corporation organized and existing under

the laws of the State of Arkansas, having a principal place of business in McGehee, Arkansas.

AgSaver is the holder of seven pesticide registrations with the United States Environmental

Protection Agency ("EPA") and has several additional pesticide registration applications pending

with the EPA.  Pesticides registered by AgSaver are distributed throughout the United States.

    3.      Defendant FMC is a corporation organized and existing under the laws of the

State of Delaware, having, on information and belief, a principal place of business at 1735

Market Street, Philadelphia, Pennsylvania 19103.  FMC holds over two hundred and seventy

(270) EPA pesticide product registrations and is the assignee of more than 1,000 patents. Pesticides registered by FMC are distributed throughout the United States.

## JURISDICTION

4.      Subject matter jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising under an Act of Congress relating to patents.

5.      Venue is proper in this district under 28 U.S.C. § 1391(b).  Defendant FMC resides and may be found in this district and is subject to personal jurisdiction in this State and District.

## GENERAL ALLEGATIONS

6.      Defendant FMC violated and continues to violate 28 U.S.C. § 292 by marking products it manufactured, distributed, marketed or sold as being covered by a patent when those products were not actually covered by a valid patent with the intent to deceive the public.

### FMC's Expired Patents

7.      FMC is the owner of United States Patent No. 4,238,505, issued on December 9, 1980, for "Insecticidal Biphenylmethyl Perholoalkylvinylcyclo-propanecarboxylates," a pesticide (the "'505 Patent").  The pesticide registered under the '505 Patent is sold by FMC under variations of the name Capture or Brigade.  A true and complete copy of the '505 Patent is attached hereto as **Exhibit A**.

8.      The '505 Patent expired on June 25, 1999.

9.      Defendant FMC is also the owner of United States Patent No. 4,405,357, issued on September 20, 1983, for "Herbicidal 3-Isoxazolidinones and Hydroxamic Acids," a pesticide (the "'357 Patent").  The pesticide registered under the '357 Patent is sold by FMC under

variations of the name Command.   A true and complete copy of the '357 Patent is attached

hereto as **Exhibit B**.

      10.    The '357 Patent expired on May 11, 2001.

Pesticide Regulation and Labeling

      11.    The EPA strictly regulates the content and labels of pesticide products in the

United States.

      12.    Under the Federal Insecticide, Rodenticide and Fungicide Act ("FIFRA"), it is

unlawful to sell or distribute a pesticide in the U.S. without a registration issued by the EPA.

      13.    As part of the process of registering a pesticide product, EPA reviews and

approves the content and format of the label that must appear on the pesticide product and

assigns a unique pesticide registration number to the product.   A registrant may not sell or

distribute a product with a label that is not approved by EPA.   7 U.S.C. § 136a(c)(3)(5).

      14.    EPA's regulations set forth in detail the information that must be included in a

pesticide label.   40 C.F.R. Part 156.   Each applicant for a pesticide registration must provide to

EPA the proposed label text for the pesticide product which conforms to EPA's requirements for

label content and format.   40 C.F.R. § 152.50(e).

      15.    Upon issuance of a pesticide product registration, EPA provides documentation of

the approved registered label by date-stamping the approved label text and returning it to the

applicant.

      16.    Revisions to EPA-approved pesticide labeling may be accomplished through

various means depending on the nature of the change.

      17.    Minor label revisions which do not involve text related to the regulated status of

the product under FIFRA may be made without any notification to the EPA.   40 C.F.R. § 152.46;

6735421.7

EPA Pesticide Registration Notice 98-10, Notifications, Non-Notifications and Minor Formulation Amendments (October 22, 1998).  The marking of a pesticide product label with a patent claim is non-FIFRA text and thus may be amended without notification to EPA.

18.    Other minor changes, such as the deletion of a use or the addition of a brand name, may be accomplished through a "notification" process that involves a simplified filing with EPA and an expedited, thirty (30) day review period.  40 C.F.R. § 152.44(a); EPA Pesticide Registration Notice 98-10, Notifications, Non-Notifications and Minor Formulation Amendments (October 22, 1998).

19.    More significant changes require a lengthier filing and EPA review process. Upon acceptance of a proposed amendment to a pesticide product label filed either as a formal amendment or as a notification, EPA provides documentation of the approved amended label text by date-stamping the approved amended label text and returning it to the registrant.

20.    As a result of the regulation of pesticide product labels and the processes for changing those labels, pesticide manufacturers and distributors like FMC must pay close attention to all of the text on the labels of their products, particularly when they change those labels.  Despite this focus on the language of pesticide labels, FMC continues to refer to the expired '505 and '357 Patents on the labels of certain of its products as if those patents were still in force and applicable to those products.

FMC's Violation of 35 U.S.C. 292

21.    Section 292 of the Patent Act (35 U.S.C. §292) provides "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public…[s]hall be fined not more than $500 for every such offense."

6735421.7

22.    The statute further provides that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other half to the use of the United States."

23.    Subsequent to the expiration of the '505 Patent and the '357 Patent, Defendant FMC has continued to mark, affix to and use in advertising, labels on its Capture/Brigade Line Products and Command Line Products (as defined below) which contain words or numbering indicating that such products are patented in violation of §292 of the Patent Act.

24.    FMC holds registrations from EPA for seven (7) products which were at one time covered by the '357 Patent.  FMC uses some variation of the name "Command" for these products (collectively, the "Command Line Products"):

(a)    Command Technical Herbicide is registered to FMC under EPA Registration number 279-3052 and has been since approximately February 27, 1986.  The label for Command Technical Herbicide, which FMC most recently obtained EPA approval to amend on August 20, 2009 (more than 8 years after the expiration of the '357 Patent), bears a false mark for the '357 Patent.  A true and complete copy of the false Command Technical Herbicide label is attached hereto as **Exhibit C**.

(b)    Command 4 EC Herbicide is registered to FMC under EPA Registration number 279-3053 and has been since approximately February 28, 1986.  The label for Command 4 EC Herbicide bears a false mark for the '357 Patent and has continuously borne such a mark since the expiration of the '357 Patent.  A true and complete copy of the false Command 4 EC Herbicide label is attached hereto as **Exhibit D**.

(c)    Command 4E Herbicide is registered to FMC under EPA Registration number 279-3071 and has been since approximately January 17, 1990.  The label for Command 4E Herbicide bears a false mark for the '357 Patent and has continuously

borne such a mark since the expiration of the '357 Patent. A true and complete copy of the false Command 4E Herbicide label is attached hereto as **Exhibit E**.

(d)     Command 50WP Herbicide is registered to FMC under EPA Registration number 279-3106 and has been since approximately April 30, 1991. The label for Command 50WP Herbicide bears a false mark for the '357 Patent and has continuously borne such a mark since the expiration of the '357 Patent. A true and complete copy of the false Command 50WP Herbicide label is attached hereto as **Exhibit F**.

(e)     Command 1.5ME Herbicide is registered to FMC under EPA Registration number 279-3150 and has been since approximately January 9, 1995. The label for Command 1.5ME Herbicide bears a false mark for the '357 Patent and has continuously borne such a mark since the expiration of the '357 Patent. A true and complete copy of the false Command 1.5ME Herbicide label is attached hereto as **Exhibit G**.

(f)     Command 2 ME Herbicide is registered to FMC under EPA Registration number 279-3151 and has been since approximately January 9, 1995. The label for Command 2 ME Herbicide bears a false mark for the '357 Patent and has continuously borne such a mark since the expiration of the '357 Patent. A true and complete copy of the false Command 2 ME Herbicide label is attached hereto as **Exhibit H**.

(g)     Command 3 ME Microencapsulated Herbicide is registered to FMC under EPA Registration number 279-3158 and has been since approximately November 29, 1995. The label for Command 3 ME Microencapsulated Herbicide, which FMC most recently obtained EPA approval to amend on December 16, 2008 (more than seven years after the expiration of the '357 Patent), bears a false mark for the '357 Patent. The December 16, 2008 amendment was at a minimum the fifth amendment of the label since

6735421.7

the expiration of the '357 Patent. A true and complete copy of the false Command 3 ME Microencapsulated Herbicide label is attached hereto as **Exhibit I**.

25.     FMC has marked, affixed to, or used in advertising the word "patent" or other words or numbers implying patents in connection with the unpatented Command Line Products.

26.     FMC holds registrations from EPA for three (3) products which were at one time covered by the '505 Patent. FMC uses some variation of the names "Capture" or "Brigade" for these products (collectively, the "Capture/Brigade Line Products"):

        (a)     Capture 2EC Insecticide/Miticide is registered to FMC under EPA Registration number 279-3069 and has been since at least April 20, 1993. The label for Capture 2EC Insecticide/Miticide, which FMC most recently obtained EPA approval to amend on February 23, 2009 (nearly 10 years after the expiration of the '505 Patent), bears a false mark for the '505 Patent. The February 23, 2009 amendment was at a minimum the twentieth amendment of the label since the expiration of the '505 Patent. A true and complete copy of the false Capture 2EC Insecticide/Miticide label is attached hereto as **Exhibit J**.

        (b)     Capture 2EC-CAL Insecticide/Miticide is registered to FMC under EPA Registration number 279-3114 and has been since at least February 1, 1991. The label for Capture 2EC-CAL Insecticide/Miticide, which FMC most recently obtained EPA approval to amend on October 10, 2008 (more than 9 years after the expiration of the '505 Patent), bears a false mark for the '505 Patent. The October 10, 2008, amendment was at a minimum the ninth amendment of the label since the expiration of the '505 Patent. A true and complete copy of the false Capture 2EC-CAL Insecticide/Miticide label is attached hereto as **Exhibit K**.

6735421.7

(c)     Brigade 2EC Insecticide/Miticide is registered to FMC under EPA Registration number 279-3313 and has been since at least April 24, 2006 (after the '505 Patent expired). The label for Brigade 2EC Insecticide/Miticide, which FMC most recently obtained EPA approval to amend on May 27, 2009, bears a false mark for the '505 Patent. The May 27, 2009 amendment was at a minimum the sixth amendment of the label since the expiration of the '505 Patent. A true and complete copy of the false Brigade 2EC Insecticide/Miticide label is attached hereto as **Exhibit L**.

27.     FMC has marked, affixed to, or used in advertising the word "patent" or other words or numbers implying patents in connection with the unpatented Capture/Brigade Line Products.

28.     AgSaver's Bifenthrin 2EC product contains the same active ingredients as, and competes with, FMC's Capture/Brigade Line Products listed above.

29.     Upon information and belief, Defendant FMC marks or has marked its Capture/Brigade Line Products and its Command Line Products with words or numbering indicating that such products are patented with the intent to deceive the public thereby, among other things, deterring existing and potential competing registrants from seeking generic registration of products containing the same active ingredients.

30.     Defendant FMC is a sophisticated pesticide manufacturing company that has been assigned more than 1,000 patents. FMC has decades of experience obtaining and/or licensing patents.

31.     On information and belief, FMC received and reviewed copies of the '505 and '357 Patents and was aware of the expiration dates of those patents. Further demonstrating its active management of and knowledge about its patent portfolio, FMC was required to pay, and,

on information and belief, did pay, periodic maintenance fees for the '357 Patent that were due 3½, 7½ and 11½ years after each patent was originally issued. Thus, FMC knows, or at least should know, that the earlier issued '505 Patent and the later issued '357 Patent expired.

32.     FMC has shown its ability to actively manage its intellectual property aggressively to deter generic pesticide companies from competing, and has challenged their actions in ways beyond falsely marking pesticide containers, particularly when it comes to the language or design of pesticide labels. For example, FMC has brought at least three actions in this Court in the last six years alone against competitors of FMC's alleging that the competitors infringed FMC's copyrighted pesticide labels. *FMC Corp. v. Control Solutions, Inc.*, Index No. 05-cv-01553; *FMC Corp. v. Makhteshim-Agan of North America, Inc.*, Index No. 05-cv-03688; and *FMC Corp. v. AMVAC Chemical Corp.*, Index No. 05-cv-02593.

33.     Upon information and belief, FMC knew or should have known that it needed to modify its Capture Line and Command Line Product labels, marketing and advertising to remove any indicia that such products are patented after the '505 Patent and '357 Patent expired.

34.     Despite the multiple opportunities when FMC was already revising the labels on its Command Line Products and Capture/Brigade Line Products, and thus could have removed the offending statements on the labels at no cost, it did not do so.

35.     On information and belief, FMC could have taken the initiative at any point to remove the offending references on the labels without any EPA review required, and did not do so.

## FIRST CAUSE OF ACTION

36.     Plaintiff incorporates paragraphs 1-35 above as if fully set forth herein.

6735421.7

37.     Under 35 U.S.C. 292, any product marked with a patent number must be covered by that patent.

38.     FMC marked, affixed and/or advertised the Command Line Products and the Capture/Brigade Line Products as being covered by the '505 and '357 Patents.

39.     The Command Line Products and the Capture/Brigade Line Products have ceased being covered by the '505 and '357 Patents.

40.     FMC knew or should have known that the Command Line Products and the Capture/Brigade Line Products have ceased being covered by the '505 and '357 Patents.

41.     Upon information and belief, FMC intended to deceive the public by marking, affixing, or advertising the Command Line Products and the Capture/Brigade Line Products as being covered by the '505 and '357 Patents.

42.     Defendant FMC has violated 35 U.S.C. § 292 by falsely marking, affixing and/or advertising its products as being subject to patents with intent to deceive the public when those products are unpatented.

43.     Plaintiff is a "person" within the meaning of 35 U.S.C. § 292 and is entitled to bring suit pursuant to that statute.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendant FMC and respectfully requests that the Court:

(a)     enter a judgment in favor of Plaintiff that Defendant FMC falsely marked items in violation of 35 U.S.C. § 292;

(b)     order that the Defendant FMC cease its false marking of the Command Line Products and the Capture/Brigade Line Products and related advertising;

6735421.7

(c)     order that Defendant FMC pay a fine of $500 for each instance of false marking;

(d)     order that one-half of the fine or penalty is paid to Plaintiff and that one-half is

paid to the United States;

(e)     award Plaintiff its reasonable attorneys' fees;

(f)     award pre-judgment and post-judgment interest; and

(g)     grant such other and further relief as the Court deems appropriate and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on any issues so triable.

Dated:  February 9, 2011

John T. Donovan
RAWLE & HENDERSON
1 South Penn Square
Philadelphia, PA 19107
Tel: 215-575-4254
Email: JDonovan@rawle.com

Counsel for Plaintiffs

Of Counsel:

Telisport W. Putsavage
CARTER LEDYARD & MILBURN LLP
701 8th Street, NW, Suite 410
Washington, DC 20001-3892
Tel: 202-898-1515
Email: putsavage@clm.com

Jeffrey S. Boxer
Pamela Shelinsky
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel:  212-732-3200
Email: boxer@clm.com
        shelinsky@clm.com

6735421.7